UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:13-cr-11 |
| ) | |
| v. ) | |
| ) | MATTICE / LEE |
| JEFFERY DEWAYNE MIRES ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 8, 2014. At the hearing, defendant moved to withdraw his not guilty plea to Count One of the thirty-four-count indictment and entered a plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing cocaine base ("crack"), both Schedule II controlled substances, in violation of 21 USC §§ 846, 841(a)(1) & 841(b)(1)(C), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count One be granted, his plea of guilty to the lesser included offense of the charge in Count One, that is of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing cocaine base ("crack"), both Schedule II controlled substances, in violation of 21 USC §§ 846, 841(a)(1) & 841(b)(1)(C) be

accepted, the Court adjudicate defendant guilty of the lesser included offense of the charge in Count One, that is of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing cocaine base ("crack"), both Schedule II controlled substances, in violation of 21 USC §§ 846, 841(a)(1) & 841(b)(1)(C), and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant filed a motion and memorandum in support to remain on bond after entry of his plea pending sentencing pursuant to 18 U.S.C. §§ 3143(a) & 3145(c) [Doc. 299]. The Government filed a response opposing Defendant's motion to remain on bond stating exceptional reasons do not exist under 18 U.S.C. § 3145(c) [Doc. 310] and a hearing was held on the motion. Defendant's motion to remain on bond is **DENIED** and defendant's bond was revoked as he did not show there were exceptional reasons for release under 18 U.S.C. § 3145(c). Therefore, I further **RECOMMEND** that defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

             s/ *Susan K. Lee*
             SUSAN K. LEE
             UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

  You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).