**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:13-cr-11-13 |
| v. ) | |
| ) | Judge Mattice/Steger |
| JEFFERY DEWAYNE MIRES ) | |

## MEMORANDUM AND ORDER

JEFFERY DEWAYNE MIRES ("Defendant") came before the Court for an initial appearance on September 12, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on a Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Chris Poole explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing, but requested a detention hearing.

The Court conducted the detention hearing on September 15, 2017. Defendant was represented by Myrlene Marsa. The Government was represented by Chris Poole. The Government relied upon the testimony of United States Probation Supervisor Crystal Johnson, as well as the sworn Petition executed by United States Probation Officer Jennifer LaFerry. The Petition includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, defendant shall not commit another federal, state or local crime; defendant shall not illegally possess a controlled substance; defendant shall refrain from any unlawful use of a controlled substance; defendant shall submit to one drug test within 15 days of release from

imprisonment and at least two periodic drug tests thereafter; defendant shall not leave the judicial district without permission of the Court or probation officer; defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance except as prescribed by the physician; defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer). Defendant's counsel, Myrlene Marsa, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant was arrested on August 11, 2017, by the Lewisburg Police Department in Lewisburg, Tennessee, for possession of controlled substance, unlawful drug paraphernalia, and criminal conspiracy. Lewisburg is located in Marshall County, which is outside of the Eastern District of Tennessee. Defendant did not have permission to be outside the district. Prior to the arrest, defendant was subjected to a traffic stop by police for speeding. The police searched the vehicle, but found no drugs. Defendant and his passenger, James Pamplin, were taken to jail. Police later found a black bag containing methamphetamine about a quarter mile from where the vehicle was stopped. Mr. Pamplin is a convicted felon.

The Court finds that Defendant voluntarily left the Eastern District of Tennessee without permission. The Court further finds that he voluntarily associated with James Pamplin, who is a convicted felon. The proof offered at the hearing suggested strongly that Mr. Pamplin agreed to sell methamphetamine to a confidential informant in Lewisburg. Mr. Miles drove his truck to Lewisburg, while Pamplin rode as a passenger. At the detention hearing, the evidence offered to prove that Defendant knew of the proposed drug deal, the presence of illegal drugs in the truck, and the fact that a black bag containing the drugs was thrown out of the window was circumstantial and too vague for the Court to make a finding that those allegations could be proven. Further, although Mr. Pamplin is a convicted felon, no proof was offered to establish that Defendant knew Mr. Pamplin is a convicted felon.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed some violations of his conditions of supervised release (*i.e.*, traveling outside the Eastern District of Tennessee; associating with a convicted felon). The evidence offered at the detention hearing to substantiate other violations of supervised release was not persuasive. The evidence also establishes, however, that Defendant appears to have taken some positive incremental steps by holding a job for some period of time, and passing drug tests administered to him. The Court finds that Defendant has carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court DENIED the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

The undersigned discussed with Defendant the violations of his conditions of supervised

release which have occurred, and admonished Defendant to refrain from any additional violations pending resolution of the current Petition, and for the remainder of his period of supervised release.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Mattice a proposed agreed order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender under Supervision, they shall request a hearing before United States District Judge Mattice.

3. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending further Order of this Court is **DENIED**. Defendant shall be released from custody subject to the Order Setting Conditions of Release [Doc. 718] pending further Order of this Court.

**ENTER.**

/s/*Christopher H. Steger*
United States Magistrate Judge